HENRIETTA BARTLETT v. GEORGE DE B. KEIM AND STEPHEN A. CALDWELL, RECEIVERS OF THE READING RAILROAD COMPANY.

1. A receiver of a railroad has the right to set up as a defence against a suit for injuries sustained from negligence in running the trains by such receiver, the statute that requires suits for such negligence to be brought against railroads within two years.
2. In running the roads a receiver represents or is the agent of the company.

On demurrer to plea.

The declaration stated that on the 17th of November, 1884, and for a long time before, the defendants, as such receivers, were in possession and had the management and control of a certain railroad, &c., which was engaged in carrying passengers, &c., from, &c., for hire and reward to them, the said defendants, as such receivers, &c. Then followed an averment that plaintiff purchased a ticket at a station, and in going from that place to the train the platform gave way being out of order and in an unsafe condition, whereby the plaintiff was hurt, &c.

The second plea alleged as a defence that the cause of action did not accrue within two years next before the commencement of the suit. To this plea there was a demurrer.

Argued at November Term, 1887, before BEASLEY, CHIEF JUSTICE, and Justices DIXON, REED and MAGIE.

For the plaintiff, *Bedle, Muirheid & McGee.*

For the defendant, *Benjamin Williamson.*

Bartlett v. Keim.

The opinion of the court was delivered by

BEASLEY, CHIEF JUSTICE. The first section of the act approved March 25th, 1881, is in these words, viz. : " That all actions hereafter accruing for injuries to persons caused by the wrongful act, neglect or default of any railroad corporation owning or operating any railroad within this state shall be commenced and sued within two years next after the cause of such actions shall have accrued, and not after."

The defendant in its second plea has interposed this statutory provision as a bar to the action, and the plaintiff, by her demurrer, has raised the question whether it can have that efficacy.

The counsel of the plaintiff, in vindication of the issue thus raised, contended that the statute above recited has no applicability to a suit brought against a receiver, the argument being that the provision by its terms has relevancy only to wrongful acts done by railroad companies, and that in this case the tort complained of was the tort of the receiver and not that of the corporation. But unless we are to mistake the shadow for the thing itself, this position is not tenable. This suit, in effect, is an effort to charge a suable wrong upon this railroad company. A judgment in this action would constitute an equitable claim upon the property of the corporation, and would not subject the receiver to any personal responsibility. It is the person whose property will be applied to the payment of the judgment who is the real defendant.

These suits against receivers are anomalous in their nature. They are, in fact, the creatures of a court of equity, and are not to be assimilated, in all respects, to any of the ordinary procedures known to the courts of common law. In this case if a judgment should be obtained it would not constitute a lien on the property of either the nominal or real defendant. It could not be enforced by execution. In short, the action is simply the means adopted by the Court of Chancery to ascertain whether the plaintiff has a cause of action, and, if so, the amount of damages which have accrued. The receiver, within the sphere of his functions, represents the company ; by virtue

of such a relationship he exercises all its necessary franchises, and in my opinion he is its agent, appointed, not by the corporate body itself, but by the law for certain ends of its own. It is the corporation that ultimately reaps the benefits of his services. If he runs the road at a profit, the result is its debts are paid and the surplus earnings are deposited in its coffers. So far as transacting the business of the road is concerned, the receiver does precisely what the directors, if they had remained in the management, would have been required to do. I am at a loss to see, therefore, when the receiver engages employees in such business, why they are not to be regarded as the employees of the company itself. Unless this be so, it is difficult to suggest any principle on which the property of the company in the hands of the receiver is made responsible for the damages resulting from the negligence and misconduct of such employees. And, on the other hand, it is the company that receives the benefit of their services. Nor is it true, as has been sometimes said, that the company has no control over these employees; for this is to deny that the receiver is the agent of the company, for if he be such agent the corporation controls these servants through him. In my opinion this view best harmonizes the legal *status* of property in the hands of a receiver with the general principles of law.

From this hypothesis it necessarily follows that as the company is the real defendant it is entitled to all the defences that would have belonged to it if it had appeared, *in propria persona*, as defendant on the record, and one of such defences is that given by the statute in question. No reason appears why such bar should not be held to be applicable to the present situation. Looking at the subject in the light of public policy, there seems to be no propriety in giving a longer life to a right of action arising during a receivership than is given to one arising while the road is in the hands of the directors, for if the investigation in the latter case should not be unreasonably delayed, neither should there be such procrastination in the former. The suggestion in the brief of the counsel of the plaintiff that this limitation to the suit against receivers can-

not be justly applied, because these officers, as in the present instance, are often non-residents of the state where the wrong occurred, appears to have but little weight, for when a court of equity grants an order to sue its receiver, it would also, when the necessity existed, direct such officer to enter an appearance to the action. A court of equity never withholds such aid as is within its powers which is necessary to effectuate its own orders.

On this issue the defendant is entitled to judgment.