ROUSE v. HORNSBY, Intervener (two cases).

(Circuit Court of Appeals, Eighth Circuit. March 4, 1895.)

Nos. 488 and 489.

1. NEGLIGENCE—FELLOW SERVANTS—KANSAS STATUTE.
   The Kansas statute (1 Gen. St. Kan. par. 1251) which abrogates the rules of the common law regarding the negligence of a fellow servant applies to receivers operating railroads, as well as to railway companies. Hornsby v. Eddy, 5 C. C. A. 560, 56 Fed. 461, approved.

2. PRACTICE—INTERVENING PETITION—MODE OF TRIAL.
   Where an intervening petition is filed in a chancery suit, setting up against the receiver appointed in such suit a cause of action at law, it is proper to direct the trial of the issues raised by such petition by jury.

3. SAME—MODE OF REVIEW.
   The determination of such issues, so tried, is properly reviewed by writ of error, and not by appeal.

4. NEGLIGENCE—COLLISION OF TRAINS.
   A collision between two of the defendants' trains operated by their agents while going at full speed in opposite directions on the same track is sufficient evidence of negligence.

In Error to the Circuit Court of the United States for the District of Kansas.

Appeal from the Circuit Court of the United States for the District of Kansas.

This was an intervening petition filed by John E. Hornsby in the foreclosure suit of the Mercantile Trust Company against the Missouri, Kansas & Texas Railway Company, seeking to recover for personal injuries from George A. Eddy and Harrison C. Cross, the receivers appointed in the foreclosure suit. A demurrer to the petition was sustained, but the decision was reversed on appeal (5 C. C. A. 560, 56 Fed. 461); and the cause was then tried by a jury, and a verdict rendered for the intervener for $15,000. Henry C. Rouse, the substituted receiver, brings the case to this court, both by appeal and writ of error.

T. H. Sedgwick, for plaintiff in error.

Nelson Case and W. B. Glasse (W. D. Atkinson, on the brief), for intervener.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge. In the foreclosure suit of the Mercantile Trust Company against the Missouri, Kansas & Texas Rail-

way Company, commenced in the United States circuit court for the district of Kansas, George A. Eddy and Harrison C. Cross were appointed receivers of the road and property of the defendant company, and invested with the usual powers of receivers of railroads. John E. Hornsby, the intervener and defendant in error, was in the employ of the receivers as train baggageman, and on the 3d day of June, 1891, while on a train in the discharge of his duties, received personal injuries in a head-on collision between the passenger train on which he was working and a freight train.    The collision resulted from the negligence of the conductor and engineer in charge of the freight train.    The defendant in error filed his petition of intervention in the foreclosure suit in which the receivers were appointed, to recover damages from the receivers for the personal injuries he received in the collision.    A demurrer to this petition was sustained by the circuit court, and the petition dismissed, whereupon the intervener brought the case, by writ of error, into this court, where the judgment of the circuit court was reversed, and the cause remanded, with directions to overrule the demurrer to the intervening petition, and proceed with the trial and decision thereof.    The contention of the defendants in error in that case (plaintiffs in error in this) was that paragraph 1251, vol. 1, Gen. St. Kan. 1889, did not apply to railroads operated by receivers, and that, as the intervener's injuries resulted from the negligence of his fellow servants, the receivers were not liable therefor; but this court held the statute cited applied as well as to receivers operating a railroad as to a railroad company, and that in Kansas, under this statute, the fact that the injury resulted from the negligence of a fellow servant was no longer available as a defense, either to a receiver operating a railroad or to a railroad company.    Hornsby v. Eddy, 5 C. C. A. 560, 12 U. S. App. 404, and 56 Fed. 461.

. After the cause was remanded to the circuit court, the plaintiffs in error moved that it be referred to a "master, with instructions to find and report on both the law and the facts," and the defendant in error moved that a jury be impaneled to try the issue.    The court denied the motion of the plaintiffs in error, and ordered a jury to be called to try the case.    There were a verdict and judgment for the intervener, and the defendants sued out this writ of error. An elaborate brief is filed by the plaintiffs in error in support of the contention that the section of the Kansas statute referred to does not apply to receivers operating a railroad, and that as to them the fellow-servant rule of the common law still obtains.    This question was carefully considered when this cause was first here.    We are all entirely satisfied with the result then reached.

While the intervening petition was filed in a chancery suit, it had no relation to any equitable issue in that case, and presented only a cause of action at law, which the court very properly impaneled a jury to try.    For all practical purposes, it was an action at law against the receivers, and the circuit court did right in treating it as such.    The plaintiffs in error preferred several requests for instructions which were refused, and excepted to the instructions

given. The instructions which the plaintiffs in error asked the court to give, so far as they are good law, are embodied in the charge of the court. That portion of the charge of the court excepted to relates to the measure of damages. The charge on this subject is in the usual and customary language. The elements that go to make up the damages in such cases are as well known to the jury as to the judge. It is a very plain, practical matter, and it is difficult to perceive what more the court can profitably tell the jury than that, in estimating the damages, they will take into consideration the age of the plaintiff, his physical condition before and after the injury, the wages or income he was capable of earning before the injury, and the extent and probable duration of the loss of his earning powers resulting from the injury, and that they may include in their assessment of damages a fair and reasonable compensation for the physical pain suffered by the plaintiff as the result of his injury. This was in substance what the court told the jury. These are the very lines the jury, as practical, sensible men, would pursue in estimating the damages, without any instructions from the court. They are based on common sense, and are matters of common knowledge. It is neither desirable nor safe to indulge in too much detail and refinement in charging a jury as to what they shall and shall not take into consideration in assessing the damages in this class of cases. Too much detail and refinement serve to confuse and mislead the jury, rather than to enlighten them. The law does not require it, and the jury does not need it. Railway Co. v. Needham, 3 C. C. A. 129, 10 U. S. App. 339, and 52 Fed. 371.

Some exceptions are taken to the instructions given, and to the refusal of the court to give others, on the question of the defendants' negligence. On this question, the charge of the court was more favorable to the defendants than they had any right to ask. The court should have told the jury that a collision between two of the defendants' trains, operated by their agents, while going at full speed, in opposite directions, on a single track, was sufficient evidence of negligence on the part of some of the defendants' servants. The time will probably never come when a collision resulting from an attempt to have two trains going at full speed, in opposite directions, pass each other on the same track, will not be held to be negligence, in law.

The court is asked to reverse the case on the ground that the damages assessed by the jury ($15,000) were excessive. The jury is the tribunal appointed by law to assess the damages in such cases, and their finding upon that question is conclusive in this court.

The judgment of the circuit court is affirmed.

This cause was brought here by both writ of error and on appeal, the defendants being in doubt whether this court would treat the intervening petition, setting up a legal demand accruing against the receivers, as an action at law or a suit in equity. As the intervening petition set up a cause of action exclusively cognizable

at law, and was tried by jury as such, a writ of error was the appropriate mode of bringing the record into this court. The appeal in this case will therefore be dismissed.