KARL MIKKELSON v. W. H. TRUESDALE, Receiver.[1]

December 9, 1895.

Nos. 9733—(138).

**Negligence—Evidence.**

Evidence considered, and *held* that the alleged negligence of the respective parties in this case was a question for the jury.

**Railroad—Negligence of Fellow Servant.**

The plaintiff was a wiper in the defendant's roundhouse, and was injured while assisting in coaling an engine, by its being negligently moved, as he claims, by a coemployé. *Held*, that he was injured by reason of exposure to the hazards peculiar to the operation of railroads.

**Same—Liability of Receiver.**

*Held*, further, that a receiver operating a railroad under the appointment and direction of a court of equity is within the provisions of G. S. 1894, § 2701, known as the "Fellow Servant Act," and is liable to an employé who is injured by the negligence of a coemployé.

[1] Reported in 65 N. W. 260.

Appeal by defendant from an order of the district court for Freeborn county, Whytock, J., granting plaintiff's motion for a new trial. Affirmed.

*Albert E. Clarke* and *Wilbur F. Booth*, for appellant.

Defendant is not liable even if the "hostler" was negligent. There can be no recovery under the statute unless the injured party was at the time "engaged in operating a railroad." Lavallee v. St. Paul, M. & M. Ry. Co., 40 Minn. 249, 41 N. W. 974; Pearson v. Chicago, M. & St. P. Ry. Co., 47 Minn. 9, 49 N. W. 302; Johnson v. St. Paul & D. R. Co., 43 Minn. 222, 45 N. W. 156. Where a statute changes the common law, it will not be held to be abrogated farther than the import of the language absolutely requires. Sutherland, St. Const. § 371; Gott v. Culp, 45 Mich. 265, 7 N. W. 767; Rogers v. Currier, 13 Gray, 129. Statutes fixing a new liability on railroads and in derogation of their common-law liability must be strictly construed. Atchison, T. & S. F. R. Co. v. Davis, 34 Kan. 199, 8 Pac. 146; St. Louis, W. & W. R. Co. v. Ritz, 30 Kan. 31, 1 Pac. 27; West v. St. Louis, V. & T. H. R. Co., 63 Ill. 545; Hitte v. Republican Valley R. Co., 19 Neb. 620, 28 N. W. 284; McCafferty v. Spuyten Duyvil & P. M. R. Co., 61 N. Y. 178; Pawlet v. Rutland & W. R. Co., 28 Vt. 297. As a receiver is not a railroad corporation, he is not within the statute. Gluck & Becker, Rec. 684; Henderson v. Walker, 55 Ga. 481; Turner v. Cross, 83 Tex. 218, 18 S. W. 578. See, also, Yoakum v. Selph, 83 Tex. 607, 19 S. W. 145; Texas & Pac. R. Co. v. Collins, 83 Tex. 121, 19 S. W. 365; Houston & T. C. R. Co. v. Roberts (Tex.) 19 S. W. 512.

*John A. Lovely* and *Henry A. Morgan*, for respondent.

The interpretation of the statute contended for by appellant would be repugnant to the constitutional limitations on class legislation. Lavallee v. St. Paul, M. & M. R. Co., 40 Minn. 249, 41 N. W. 974. The receiver occupies the place of the corporation. McNulta v. Lochridge, 141 U. S. 327, 12 Sup. Ct. 11; Central Trust Co. v. St. Louis, A. & T. R. Co., 40 Fed. 426; Eddy v. Lafayette, 4 U. S. App. 247, 1 C. C. A. 441, 49 Fed. 807; Eddy v. Powell, 4 U. S. App. 259, 1 C. C. A. 448, 49 Fed. 814. The receiver is liable. Hornsby v. Eddy, 12 U. S. App. 404, 5 C. C. A. 560, 56 Fed. 461.

START, C. J.[2]   This is an action against the receiver of the Minneapolis & St. Louis Railway Company to recover damages for a personal injury.

The defendant, at the close of the evidence, moved the court to instruct the jury to return a verdict for the defendant, on the grounds: "First. There is no evidence of negligence on the part of the defendant.   Second. The injury complained of and alleged to have been sustained by the plaintiff, resulted from the negligence of a fellow servant of the plaintiff.   Third. The plaintiff's own negligence contributed to and caused the injury and accident complained of.   Fourth. The service in which the plaintiff was engaged was not of such a character as to make the defendant liable under the statute for an injury resulting from the negligence of a fellow servant."   The court granted the motion, and instructed the jury to return a verdict for the defendant upon the ground, as we infer from the record, that the fellow servant statute of this state did not apply to receivers of railroad corporations, to which instruction the plaintiff excepted, and subsequently moved the court for a new trial, and the defendant appealed from an order granting the plaintiff's motion.

1. The defendant contends that the court erred in granting a new trial, because there was no evidence that the defendant was negligent in the premises, but that the evidence establishes the fact that the plaintiff was guilty of contributory negligence, and therefore its instruction to the jury to return a verdict for the defendant was correct.   As we understand the record, the trial court has never passed upon the evidence, so far as it relates to the question of the negligence of the defendant and the contributory negligence of the plaintiff.   We have, however, examined the evidence, and are of the opinion that the instruction of the trial court cannot be sustained upon the ground either that there was no evidence tending to establish the negligence of the defendant, or that the evidence shows that the plaintiff was guilty of contributory negligence.   So far as these questions are concerned, the evidence is such as to require their submission to the jury.

[2] Buck, J., took no part.

2. It is further claimed by defendant that the plaintiff was not injured while engaged in the operation of a railroad, or by any hazards incident to such operation. The plaintiff was a wiper, whose duty it was to keep the engines at the roundhouse clean and to assist the "hostler," whose duty it was to take the engines in and out of the roundhouse, and take them to the coal shed for coal. The plaintiff was injured while assisting in the coaling of an engine, by its being negligently moved, as he claims, by the hostler. If his claim is correct, he was injured by reason of exposure to the hazards peculiar to the operation of railroads. Nichols v. Chicago, M. & St. P. R. Co., 60 Minn. 319, 62 N. W. 386.

3. The last claim of the defendant is that the employés of a receiver temporarily operating a railroad are not within the protection of the fellow servant statute of this state (G. S. 1894, § 2701), which reads as follows: "Every railroad corporation owning or operating a railroad in this state shall be liable for all damages sustained by any agent or servant thereof by reason of the negligence of any other agent or servant thereof, without contributory negligence on his part, when sustained within this state, and no contract, rule, or regulation between such corporation and any agent or servant shall impair or diminish such liability: * * *"

It is true that the word "receiver" is not used in this statute, and that its language is, "every railroad corporation owning or operating a railroad"; but the statute is a police regulation intended to protect life, person, and property, by securing a more careful selection of servants and a more rigid enforcement of their duties by railroad companies, by making them pecuniarily responsible to those of their servants who are injured by the negligence of incompetent or careless fellow servants. It is remedial in its nature, and must be construed, if not liberally, certainly in accordance with its obvious purpose and spirit. It would be a most unreasonable construction of the statute, if we were to adopt the one claimed for it by the defendant. We are aware that able courts have adopted such a construction of similar statutes, but we are of the opinion that they have taken a narrow view of the statute, and we must decline to follow their conclusions.

If this police regulation does not apply to receivers of railroad corporations, it is difficult to see why such receivers are not absolved from

a compliance with each and all of the police regulations made applicable by statute to railroad corporations. Can it be true that a railroad corporation whose road is operated for it by a general manager is, and one whose road is managed for it by a receiver is not, subject to the police regulations of the state? or that the employés of the one have, and those of the other have not, a remedy, when injured by the negligence of a fellow servant? or that the employés of a corporation whose road is operated by a general manager to-day have such remedy, but if injured to-morrow they will have it not, because a receiver has taken the place of the manager? It would seem that an affirmative answer must be given to these questions, if we held that this statute has no application to receivers of railway corporations.

Manifestly, such is not the fair and reasonable construction to be given to the statute. It is only in a technical sense that a receiver manages a railroad for the court appointing him. He operates it subject to the direction of the court, not for its benefit, but for the owners of the road,—the corporation and its creditors. In doing so he necessarily exercises the franchises, rights, and powers of the corporation, and discharges its functions as a common carrier, and appropriates the income received from the operation of the road for the benefit of the corporation; and it logically follows that in so operating the road the receiver stands, in respect to duty and liability, just where the corporation would if it was operating the road.

A distinction in this respect has been made between the common-law duties and liabilities of the corporation and those imposed on it by statute, but there can be no distinction in principle, for wherein is the duty and liability more imperative or sacred in the one case than in the other? A receiver cannot, while exercising the franchises and powers of a corporation, claim immunity from the police regulations and liabilities which have been imposed upon the corporation by the state.

These general considerations lead to the conclusion that the provisions of the fellow servant statute, here in question, apply to a receiver operating a railroad under the appointment and direction of the court.

Order affirmed.