## NATIONAL FARMERS BANK OF OWATONNA v. CLEFTON COMPANY.[1]

May 7, 1926.

No. 24,877.

**Liability of stockholders of insolvent corporation when debts exceed charter limit.**

Proceeding to sequester the property and liquidate the indebtedness of an insolvent corporation, where its charter limits the maximum indebtedness and the debts exceed the amount so specified, after the exhaustion of the corporate assets. *Held*:

(1) That the stockholders are liable individually only to the amount of the indebtedness lawfully contracted, not exceeding par value of stock held by them, and are not liable for the expenses of the receivership in addition thereto.

· (2) That the rate of assessment should be modified so as to limit the amount realized to the maximum indebtedness fixed by the charter.

Corporations, 14 C. J. p. 1033 n. 60.

Certain stockholders of the Clefton Company appealed from an order of the district court for Steele county, Gislason, J., levying an assessment of 70 per cent upon the capital stock of that corporation. Reversed and remanded.

*Leach & Leach* and *A. L. Sperry*, for appellants.

*Sawyer, Gausewitz & Lord*, for respondent.

PER CURIAM.

Appeal from an assessment, made by the district court of Steele county, of 70 per cent upon the capital stock of an insolvent corporation. The articles of incorporation provide that the highest amount of indebtedness to which the corporation may at any time be subject shall not exceed the sum of $35,000. The unpaid obligations exceed $100,000. The assessment was levied to collect from the stockholders the full sum of $35,000 and also the further sum of $3,000 to defray the expenses of the receivership.

[1]Reported in 208 N. W. 959.

The question presented is whether the stockholders may be assessed for the full amount of the authorized indebtedness and also for such additional amount as may be necessary to defray the expenses of the receivership. The charter having limited the amount of indebtedness to which the corporation should at any time be subject to the sum of $35,000, that is the maximum amount for which the stockholders may be held personally liable. State v. Mortgage Sec. Co. 154 Minn. 453, 192 N. W. 348; In re Dissolution of Owatonna Co-Op. M. Co. 157 Minn. 482, 196 N. W. 654.

The expenses of the receivership are necessarily paid out of the assets and lessen the amount available for the payment of debts. Where the assets available for that purpose are not sufficient to pay the debts, the stockholders are personally liable, up to the par value of their stock, for the full amount of the deficiency unless it exceeds the maximum amount of indebtedness which the charter of the corporation permitted it to incur. If it exceeds such maximum amount, they are liable for such maximum amount, but for no more. Here the sum of $35,000 was the highest amount of indebtedness which the charter of the corporation permitted it to incur. The debts exceeded the assets by more than that amount. Hence the stockholders are personally liable for the sum of $35,000, but for no more, and cannot be assessed for the expenses of the receivership in addition to that sum.

It follows that the item of $3,000 should be excluded from the amount to be raised, and that the rate of assessment should be modified to conform to the views above expressed.

Reversed and remanded.