## BARTLETT FRAZIER COMPANY, INC. v. HUMISTON & ST. JOHN COMPANY.[1]

November 25, 1927.

Nos. 26,217, 26,257.

**Duties of receiver and payment of his compensation.**

   1. Ordinary duties of receiver are to preserve property pending receivership proceedings, and all expenses as well as compensation for his services are payable as a first charge out of the income from the property, if any, or, if not, out of the property itself.

[1]Reported in 216 N. W. 252.

**Rule as to assessment of stockholders not changed by facts of this case.**

2. The fact that assets, two years after appointment of receiver, exceed the debts does not change the rule as to assessment of stockholders or as to payment of expenses of receivership.

**When stockholders are liable up to par value of their stock.**

3. Where assets are not sufficient to pay expenses plus debts, stockholders are liable up to par value of stock for full amount of deficiency unless it exceeds charter limit of indebtedness.

Corporations, 14 C. J. p. 978 n. 63 New.
Receivers, 34 Cyc. p. 242 n. 95; p. 350 n. 40; p. 351 n. 46.

See note in 2 L.R.A.(N.S.) 1063; 23 R. C. L. 113.

Coates P. Bull and F. L. Humiston as objecting stockholders appealed from orders of the district court for Hennepin county, Guilford, J. (1) assessing the stockholders of the defendant company, and (2) refusing to set aside such assessment. Affirmed.

*Morphy, Bradford, Cummins, Cummins & Lipschultz,* for appellants.

*Cobb, Wheelwright, Hoke & Benson* and *L. M. Staples,* for respondent receiver.

QUINN, J.

The defendant is a Minnesota corporation and as such was engaged as a warehouseman in handling grain and other commodities at several stations in the southwestern part of this state. The plaintiff brought this action in July, 1924, against the defendant to recover upon a large indebtedness, alleging in its complaint that defendant's assets consisted largely of local warehouses which, if not operated, would decline in value but if properly conserved would be sufficient to pay creditors; that there was imminent danger of insolvency and, in connection therewith, asked that a receiver be appointed, etc.

On July 12, 1924, Frank E. Crandall was appointed receiver to which the defendant assented. On September 28, 1926, the receiver filed a petition asking that an assessment be made against the stock-

holders in which it was stated that the value of the defendant's property was $30,433.96; that its indebtedness was $29,697.95, and that the expenses of the receivership would not be less than $10,000. The petition was heard on January 15, 1927, and on February 16 an order was entered assessing the stockholders 65 per cent on their stock. From such order and from an order refusing to set aside such order of assessment certain objecting stockholders appealed.

Defendant's charter provides that the highest amount of indebtedness to which the corporation may at any time be subject shall not exceed the amount of paid up stock, which was 360 shares of the par value of $36,000, of which appellants owned 130 shares. None of the other stockholders appeared to be financially responsible. It is urged on behalf of appellants that the court had no power to levy an assessment against the stockholders to pay the expenses of the receivership under the situation.

Assuming that defendant was not insolvent at the time of the appointment of the receiver, yet it consented to the appointment. At the time of the hearing on the petition for an assessment, there had been paid to the creditors a dividend of 30 per cent, so there was $20,788.57 still owing creditors. The probable expense of the receivership was $9,500, making a total yet to be paid of $30,288.57. The total assets remaining in the hands of the receiver with which to meet such payment was $21,303.77, a deficiency of $8,984.80. To provide for the payment of such deficiency, an assessment of 65 per cent was made against the individual stockholders. In this there was no error. The expense of the receivership, under the rule in this state, is a first charge against assets.

The rule is well expressed in 23 R. C. L. p. 113, § 122, as follows:

"The ordinary duties of a receiver of a private corporation are to protect and preserve the property pending the litigation; and all expenses incurred by him in so doing as well as a reasonable compensation for his services are payable as a first charge out of the income of the property, if any or, if not, out of the property itself."

Straw & Ellsworth Mfg. Co. v. L. D. Kilbourne B. & S. Co. 80 Minn. 125, 83 N. W. 36; State ex rel. Hilton v. Mortgage Sec. Co. 154 Minn. 453, 192 N. W. 348.

It has been repeatedly held by this court that stockholders are liable up to the amount of stock held by them, providing the amount of the assessment does not exceed the charter limit. The assessment under consideration amounted to the sum of $8,450, more than $2,700 less than the charter limit. In re Dissolution of Owatonna Co-op. Merc. Co. 157 Minn. 482, 196 N. W. 654; In re Receivership of Southwestern Minn. Land Co. 162 Minn. 83, 202 N. W. 69; National Farmers Bank of Owatonna v. Clefton Co. 167 Minn. 238, 208 N. W. 959; Maclaren v. Wold, 168 Minn. 234, 210 N. W. 29.

The assessment was made under the provisions of G. S. 1923, §§ 8026, 8031. Appellants stress the fact that about two years subsequent to the appointment of a receiver, the assets amounted to a trifle more than the defendant's liabilities. The liabilities were very large and the business uncertain. In fact, it appears undisputed that at the time of the appointment of the receiver defendant was unable to procure sufficient means with which to continue its business and that unless it was continued its properties would materially decrease in value. We discover nothing in the record to take this case from under the general rule.

"The expenses of the receivership are necessarily paid out of the assets and lessen the amount available for the payment of debts. Where the assets available for that purpose are not sufficient to pay the debts, the stockholders are personally liable, up to the par value of their stock, for the full amount of the deficiency unless it exceeds the maximum amount of indebtedness which the charter of the corporation permitted it to incur." National Farmers Bank of Owatonna v. Clefton Co. 167 Minn. 238, 239, 208 N. W. 959.

Affirmed.