NORTHWESTERN TRUST COMPANY v. ST. PAUL SOUTHERN
ELECTRIC RAILWAY COMPANY AND OTHERS.
MARIE THEN, APPELLANT.[1]

June 14, 1929.

No. 27,322.

*John P. J. Dolan,* for appellant.

*Albert Schaller* and *C. H. Biorn,* for receiver of defendant railway company, respondent.

HILTON, J.

Appeal from an order of the district court denying certain alleged rights of claimant in a receivership proceeding.

The St. Paul Southern Electric Railway Company, a Delaware corporation, hereinafter called the company, executed a mortgage

[1]Reported in 225 N. W. 919.

or trust deed in favor of the Northwestern Trust Company as trustee·in 1913. This mortgage covered all of the property of the company. Three hundred and sixty thousand dollars of the mortgage bonds were issued under said trust of which $298,200 were sold and disposed of by the company. The mortgage provided that it and the interest of the first mortgage bondholders should constitute a first lien on all the assets of such mortgaged property until paid. Default was made in the payment of interest upon said bonds on April 1, 1917. At the request of an owner of a number of the bonds, the trustee began an action in the district court of Dakota county for the foreclosure of said mortgage and the appointment of a receiver. A receiver was appointed, and by the terms of the order moneys received by him from the operation of said railway property were to be disbursed in the following manner:

"(1) All current expenses incident to the creation or administration of this trust, and to the operation of said railroad property of which· he is appointed receiver. (2) All taxes and assessments lawfully due or to become due. (3) All just and legal debts of said St. Paul Southern Electric Railway Company which accrued or were incurred within six months, for work done or labor or materials furnished to said railway company in the current operation of said railroad operated by the defendant railway company during said time. (4) All the expenses necessary to the operation and maintenance of said railway and property including all necessary repairs·for keeping said property in condition for operation during the term of this receivership."

The claimant, Marie Then, appellant here (not an employe), commenced àn action against the receiver in November, 1927, to recover compensation for personal injuries received in an accident while riding as a passenger on one of the cars operated by the receiver, claiming that the accident resulted from the negligence of the servants and agents of the receiver in the operation of the railroad. A number of similar actions are pending. An answer was interposed; the action has not been tried. Pursuant to an order of the court, properly made, all of the assets of the railway company were

sold for $34,200, of which less than $10,000 now remains; the sale was confirmed on August 24, 1928. An order for creditors to file claims was issued and a hearing had thereon November 17, 1928. Appellant filed her claim for the amount stated in her complaint ($30,047.50), which was disallowed by the court on November 27, 1928, and a copy of the order served on her attorneys January 22, 1929. In that order (by Schultz, J.) all the first mortgage bonds issued and outstanding were allowed as claims and the receiver was directed to distribute the balance in his hands, after the allowance of his final account, among the holders thereof. This order also specifically stated:

"It is further ordered that following contingent claims even though reduced to judgment be not permitted to participate in the distribution of the monies now in hands of said Receiver."

Then followed a list of claims, aggregating over $77,000, including the Then claim. No appeal was taken from this order.

The order here appealed from (dated November 20, 1928, by Johnson, J.) adjudged and decreed that appellant and other claimants who had commenced actions in tort against the receiver by reason of alleged negligence of such receiver would, in event of recovery of judgments therein, have no lien prior and superior to the liens of the first mortgage bondholders and that such bondholders have a superior and prior lien to any lien or claim that may be created by reason of any judgment that might be obtained in any such actions. The receiver was therein authorized and ordered to proceed with the closing up of said receivership irrespective of the pendency of said actions and to pay the balance of funds in his hands for distribution, after allowance of his final account, to the holders of the first mortgage bonds. The receiver has no property of said railway company except moneys realized from such sale. The earnings during the time of such receivership have not been sufficient to pay the operating expenses.

The question here for determination is whether, under the situation disclosed by the record, the trial court properly held that the

lien of the mortgage bondholders was entitled to priority in payment over the claim of appellant.

Appellant calls attention to the following provisions of G. S. 1923 (2 Mason, 1927) §§ 9178 and 9179:

"Any receiver, assignee, or other person appointed by a court to hold or manage property under its direction may be sued on account of any of his acts or transactions in carrying on the business connected with such property without prior leave of court.

"Such action may be brought in any county in which it could have been brought against the person or corporation represented by such receiver or other person, shall be tried in the same manner and subject to the same rules of procedure, and *any judgment* recovered therein against such receiver or other person shall be paid by him as a part of the expenses of managing such property." [Italics ours.]

In Minnesota the rule is that it is immaterial at whose instance a receiver was appointed and on what grounds he was appointed. Seibert v. M. & St. L. Ry. Co. 52 Minn. 246, 53 N. W. 1151; see also Moore v. Donahoo (C. C. A.) 217 F. 177. The placing of the railway in the hands of the receiver only effected a change in the management of the property. The receiver is substituted for those who theretofore managed the property, but the title is not changed. Ihlan v. C. R. I. & P. Ry. Co. 137 Minn. 204, 163 N. W. 283; Mikkelson v. Truesdale, 63 Minn. 137, 65 N. W. 260.

The primary duty of a receiver is to protect and preserve the property in his hands. The expenses incurred by him *in so doing* are payable as a first charge upon the income of the property, if any, or, if not, out of the corpus itself, provided it is unencumbered by prior outstanding liens. Bartlett Frazier Co. Inc. v. Humiston & St. John Co. 173 Minn. 10, 216 N. W. 252. In that case there were no such liens. The claimed tort had nothing to do with the preservation and protection of the property.

Among the many authorities that have directly or indirectly considered the question here involved are the following: Farmers L. & T. Co. v. N. P. R. Co. (C. C.) 74 F. 431; Front Street Cable Ry.

Co. v. Drake (C. C.) 84 F. 257; Kneeland v. American L. & T. Co. 136 U. S. 89, 10 S. Ct. 950, 34 L. ed. 379; 22 R. C. L. 1136; Farmers L. & T. Co. v. G. B. W. & St. P. Ry. Co. (C. C.) 45 F. 664; Pennsylvania Steel Co. v. New York City Ry. Co. (C. C. A.) 216 F. 458; Rodger Ballast Car Co. v. O. K. C. & E. R. Co. (C. C. A.) 154 F. 629; First Nat. Bank v. Cook, 2 L.R.A.(N.S.) 1012, note, 1033; High, Receivers (4 ed.) 523; 23 R. C. L. 110. It is the exception, not the rule, that such priority of liens can be displaced. In the instant case, valid and subsisting mortgage bond liens exist; the corpus cannot be reached to pay tort judgments. To hold otherwise would be an unauthorized and illegal impairment of a valid, contractual relation. We confine ourselves strictly to the situation before us.

In a number of cases cited by appellant there were statutes in the states where the actions were brought expressly providing that no railroad shall give a mortgage valid against a judgment for damages to persons or property, or where the order of the court in establishing the receivership expressly provided for the payment of such claims prior to a payment on the mortgage indebtedness. These cases are manifestly not in point or controlling here for in Minnesota there is no such statute, nor does the order in the instant case so provide.

We have been greatly assisted by oral arguments of counsel and have made an exhaustive examination of all authorities cited. We reach the conclusion that, under our statutes, the original order made in the receivership proceedings and, upon the facts in this case, the order of the trial court were correct.

Order affirmed.