McKinney *et al. v.* The State, *ex rel.* Nixon.

Filed Jan. 23, 1889.

---

No. 13,026.

McKinney et al. *v.* The State, ex rel. Nixon.

APPEAL.—*Judgment of Supreme Court.—Second Appeal.*—Questions which were open to dispute, and which were either expressly or by necessary implication decided on the first appeal of a cause, are not open for review on a second appeal.

SAME.—*Reversal of Cause.—Docketing in Trial Court.—Presumption.*—Where an opinion of the Supreme Court reversing a judgment of the trial court is filed in the latter court during term-time, the case stands continued by force of section 660, R. S. 1881, until the next term, and, in the absence of a showing to the contrary, it will be presumed that it was regularly docketed and stood for trial at that term.

SAME.—*Pleading.—Right to File in Reversed Cause.*—Where a defendant stands by an answer to which a demurrer has been sustained, and appeals to the Supreme Court, where the ruling of the trial court on the

answer is sustained, but the judgment is reversed for error in the assessment of damages merely, and a reassessment is ordered, he is not entitled, when the cause is again docketed in the trial court, to file an answer denying the allegations of the complaint, without a showing as in other cases of default.

SAME.—*Judgment for More than Demand.*—*Amendment.*—If judgment is given for a sum larger than that demanded in the complaint, the injured party must ask the trial court to correct it, and if he fails to do so, the complaint will be treated on appeal as having been amended.

NEW TRIAL.—*Excessive Damages.*—*Practice.*—An assignment as a cause for a new trial that the damages are excessive, does not call in question the amount of the recovery in an action on contract, that assignment being applicable only in cases of tort.

From the Clinton Circuit Court.

*J. N. Sims,* for appellants.

*S. H. Doyal* and *P. W. Gard,* for appellee.

MITCHELL, J.—Nixon, as one of the drainage commissioners of Clinton county, brought suit against McKinney and others to enforce payment of assessments made against certain real estate owned by the defendants.

The complaint was held sufficient upon demurrer, and this ruling was affirmed on a former appeal to this court. *McKinney* v. *State, etc.,* 101 Ind. 355. As will be seen by recurring to the facts as stated in the opinion rendered when the case was here before, a demurrer was sustained to the answer, and the appellants refusing to plead further, the damages were assessed as upon a default. The judgment was reversed because the damages assessed were, in the absence of any proof showing the amount of the assessments, excessive. The judgment was accordingly set aside, and the cause remanded with an order that the damages be reassessed.

The complaint has not been changed in any particular, and we must, therefore, decline to enter upon an examination of the questions discussed by counsel which relate to and challenge the sufficiency of the facts to constitute a cause of action. The decision rendered upon the former appeal must be accepted as conclusive upon those questions.

In order that there may be an end to litigation, questions which were open to dispute, and were either expressly or by necessary implication decided on the first appeal of a cause, will not be open for review on a second appeal, upon which only so much of the proceedings as are found to have taken place after the order remanding the cause will be considered. What precedes the mandate will be regarded as finally disposed of, and no longer the subject of debate in any of the subsequent stages of the case. *City of Logansport* v. *Humphrey,* 106 Ind. 146; *Forgerson* v. *Smith,* 104 Ind. 246, and cases cited; *Hawley* v. *Smith,* 45 Ind. 183; *Willson* v. *Binford,* 81 Ind. 588; *Test* v. *Larsh,* 76 Ind. 452.

The opinion rendered by this court on the first appeal was certified to the court below on the 23d day of June, 1885, the June term of the Clinton Circuit Court being then in session. The next term of the court commenced on the first Monday of September following.

The record shows that, on the 26th day of October, 1885, that being the forty-third juridical day of the September term of the Clinton Circuit Court, the opinion having been filed in the office of the clerk of the Clinton Circuit Court on the 25th day of June, 1885, it was ordered spread of record by the court below. At the succeeding November term the defendants entered a special appearance, and moved to dismiss the cause, on the ground that it had been discontinued. This motion was overruled. The appellants insist that the court below lost jurisdiction of the case, because, as they allege, it was not docketed for trial at the September term, that being the next term after the cause was remanded.

When a cause is reversed and sent back for further proceedings, if the opinion shall have been deposited with the clerk of the lower court ten days or more before the first day of any regular term, the cause stands for trial at such term, otherwise it must be continued until the next term. Section 660, R. S. 1881. As we have seen, the opinion was filed during the June term of the Clinton Circuit Court. The

McKinney *et al. v.* The State, *ex rel.* Nixon.

case was necessarily continued, by force of the statute above cited, until the next term. We must presume that it was regularly docketed, and that it stood for trial at the ensuing September term. The record affirmatively shows that the case was on the docket at that term, and that a motion was made to spread the opinion of record. There was, therefore, no error in overruling the motion to dismiss the cause.

The court afterwards refused to grant leave to the appellants to file an answer denying the allegations of the complaint. In this the court ruled correctly. A demurrer had been sustained to the answer filed by the appellants prior to the first appeal. Without asking leave to amend, they stood by the record and appealed to this court, securing a reversal of the judgment and an order for the reassessment of the damages. Having chosen to abide by the rulings on the demurrers to the pleadings, and to take the chance of reversing those rulings by an appeal to this court, it was too late to ask leave to file additional or amended answers after an adverse decision in that respect, and an order remanding the cause for a reassessment of damages merely.

Judgment was rendered in the first instance as upon a default, the defendants' answer having gone out upon demurrer. The judgment was reversed for error occurring in the assessment of damages. When the case came back to the lower court it stood for a reassessment of damages as upon a default. It was not error to refuse permission to file an answer without a showing as in other cases of default.

It is alleged in the complaint that fifty dollars would be a reasonable fee for the services of plaintiff's attorney in collecting the assessments sued for. The court, upon evidence which fully justified it, allowed seventy-five dollars as attorney's fees. It is now insisted that the court erred in overruling the appellants' motion for a new trial, which assigned, among other causes, that the damages were excessive. This conclusion, it is said, is inevitable, because the amount allowed is in excess of the sum claimed in the complaint. It will be

observed, there was no objection to the amount of the recovery, nor did the defendants move the court to modify the amount allowed as attorney's fees. The assignment as a cause for a new trial that the damages are excessive, does not call in question the amount of the recovery in an action on contract. It has often been decided that this assignment is only applicable to cases of tort. *Lake Erie, etc., R. W. Co.* v. *Acres,* 108 Ind. 548; *Thomas* v. *Merry,* 113 Ind. 83; *McCormick H. M. Co.* v. *Gray,* 114 Ind. 340; *Moore* v. *State, ex rel.,* 114 Ind. 414.

It is likewise settled that the mere fact that the verdict or finding is for an amount in excess of that asked for in the complaint, can not be assigned as a cause for a new trial in any form, in case the facts stated, and the evidence adduced, entitle the plaintiff to recover the amount found. If the judgment is for too large a sum, application must first be made to the court below by the party injured to correct it; and in the absence of such an application, as presumably the complaint would have been amended in the court below if objection to the amount of recovery had been made, the amendment will be treated as made, on appeal. *Barnes* v. *Roemer,* 39 Ind. 589; *White* v. *Stellwagon,* 54 Ind. 186; *Webb* v. *Thompson,* 23 Ind. 428; 1 Works Pr., section 911.

The objections predicated upon rulings of the court in admitting in evidence the report and assessments of benefits, made by the commissioners of drainage, and the entry made by the plaintiff as drainage commissioner, showing the assessments made for the construction of the drain, are not tenable. This was the proper method of proving the amount which the plaintiff was entitled to recover against the defendants respectively. We have found no error.

The judgment is affirmed, with costs.

Filed Jan. 23, 1889.