### City of Elwood *v.* Addison.

[No. 3,263.   Filed January 2, 1901.]

NEGLIGENCE.—*Proximate Cause.—Death.—Municipal Corporations. —Parent and Child.*—A complaint against a city for the death of a child caused by the negligence of the city in so constructing a culvert that water accumulated in large volume along the side of the street, to which the child while passing on its way to school was attracted, and, while playing along the edge thereof, slipped from the edge of the sidewalk into the water and was drowned, is not defective because it shows that the accumulation of the water was the immediate cause of the death of the child, since the insufficient culvert caused the accumulation of water and was the proximate cause of the death.   *pp. 29-31.*

MUNICIPAL CORPORATIONS.—*Streets.—Accumulations of Water.*— The duty of a city to keep its streets in a reasonably safe condition for travel is not fully discharged by making the traveled portions thereof safe, and where there are dangerous places near the usually traveled portions, although outside thereof, it is the duty of the city to use ordinary care to protect from injury a person lawfully using the street in a reasonably prudent manner.   *p. 31.*

NEGLIGENCE.—*Complaint.—Parent and Child.—Action for Death of Child.*—A complaint by a parent for the death of a child seven years of age, caused by the alleged negligence of defendant city, is not demurrable because of its failure to show by facts specially pleaded that the child was free from contributory negligence, or that it was *non sui juris,* where there was nothing averred in the complaint from which it could be said as a matter of law that the child was *sui juris,* or guilty of contributory negligence, and there was a general averment that the child was free from fault, since the question whether the child was *sui juris* was one of fact for the determination of the jury.   *pp. 32-34.*

City of Elwood *v.* Addison.

DAMAGES.—*Parent and Child.—Death of Child.—Measure of Damages.*—Where a complaint by a father for the death of his child asks damages for loss of future services of the child during its minority, the jury may consider the age of the child, its physical and mental condition and ability, and the condition of the plaintiff's family with respect to and use for the child, and the measure of damages in such case is the value of the child's services from the time of its death until it would have attained its majority, taken in connection with its prospects in life, less the cost of its maintenance and support during that period. *p. 35.*

TRIAL.—*Harmless Error.*—Where in the examination of a witness it was developed that the witness had been subpœnaed by the opposite side and after she had related her proposed testimony counsel had directed her to go home as she was not needed, a statement made by the court that he did not think such evidence important or material was not reversible error. *p. 36.*

From the Madison Superior Court. *Affirmed.*

*B. R. Call, L. W. Mellette* and *J. A. Van Osdol,* for appellant.

*H. F. Wilkie, Henrietta Wilkie, T. Bagot, A. Ellison* and *C. K. Bagot,* for appellee.

ROBINSON, J.—Suit by appellee for the death of his infant son resulting from appellant's alleged negligence. Demurrer to complaint overruled and answer in denial. Trial by jury and verdict for appellee with answers to interrogatories. Over appellant's motion for a new trial judgment was rendered on the verdict. Appellant questions the sufficiency of the complaint and the denial of the motion for a new trial.

The complaint avers that an ancient natural water course crosses Main street, one of the principal thoroughfares in appellant city; in 1891 a water company laid a fourteen-inch main along Main street and across the water course with the top of the main level with the bed thereof; afterwards appellant improved and regraded the street and at the water course made a fill eight feet in height and through the fill constructed a culvert and negligently lowered the bed of the stream leaving about one-half of the culvert

above and the other half below the main; that appellant carelessly and negligently left the main in the above condition so that at every rainfall thereafter the water would carry debris and drift and lodge the same against the water-main and stop the flow of water so that the same accumulated in great volume above the grade and culvert and at the side of the street and sidewalk; that from 1893 to the time of the injury complained of, appellant, with full knowledge of the condition of the culvert and water-main and knowing the same was constantly damming up the water course and that upon every heavy rainfall the same did and would dam up the water course and cause a large and deep pool of water to accumulate and stand along the side of the street and sidewalk and that the same constantly endangered the lives of persons traveling the street, carelessly and negligently maintained the culvert in that condition; that on March 22, 1898, drift lodged against the water-main and obstructed the flow of water through the culvert so that water accumulated to a depth of six feet immediately along and adjacent to the street and sidewalk, and the drift and debris above the culvert formed an eddy or whirlpool such as would attract the attention and curiosity of children lawfully upon the street and sidewalk and cause them to stop and throw sticks into the same, and that this dangerous condition of the edge of the street and sidewalk was brought about by reason of the carelessness and negligence of appellant in maintaining the culvert in such condition; that on the date last mentioned appellee's son, seven years of age, and of ordinary intelligence and experience of a child of that age, on his way to school along Main street, which was his best route, in passing the water accumulated along the side of the street was attracted by the same and was tempted to and did pause at the edge and near the water and throw sticks into the same, and slipped from the edge of the sidewalk into the water and was drowned, all without the fault of appellee or his son.

City of Elwood *v.* Addison.

It is argued at length that the complaint is insufficient. It is not sought to recover for an injury resulting from a defect in the traveled part of the street, nor is it attempted to charge any negligence in the construction or maintenance of the surface of the street. The theory of the pleading, so far as appellant's negligence is concerned, is the maintenance of the culvert in a condition which caused a large and dangerous pool of water to form in close proximity to the street and sidewalk. The immediate cause of the death was the pool of water near the street and sidewalk, but this was necessarily incident to the city's wrongful act in maintaining an insufficient culvert to carry away the water. The result that did happen would not have happened had there been a sufficient culvert. The maintenance of the insufficient culvert was the proximate, although not the immediate, cause of the death. We fail to see upon what principle a wrongdoer may be permitted to take advantage of his own wrong by saying that the injury resulted from a more immediate cause when this immediate cause was put into operation by his own wrongful act. *Louisville, etc., Co.* v. *Nolan,* 135 Ind. 60; *Cole* v. *Wood,* 11 Ind. App. 37.

It is the duty of a municipality to keep its streets and sidewalks in a reasonably safe condition for travel. And this duty is not fully discharged by making the traveled part of the street safe. If there are dangerous places near the usually traveled part of the street, although outside of it, it is the city's duty to use ordinary care to protect from injury a person lawfully using the street in a reasonably prudent manner. *Higert* v. *City of Greencastle,* 43 Ind. 574. See *Murphy* v. *Gloucester,* 105 Mass. 470; *Hey* v. *Philadelphia,* 81 Pa. St. 44; *City of Delphi* v. *Lowery,* 74 Ind. 520, 39 Am. Rep. 98.

It is well settled that the owner of premises is not liable for injuries from pitfalls not intended to hurt intruders, where there has been neither an express nor implied invita-

tion to come upon or pass over the premises. This is upon the theory that the owner has done nothing to produce an injury to the person who voluntarily invades his premises. See *Evansville, etc., R. Co.* v. *Griffin,* 100 Ind. 221, 50 Am. Rep. 783; *Gillespie* v. *McGowan,* 100 Pa. St. 144; *McAlpin* v. *Powell,* 70 N. Y. 126, 26 Am. Rep. 555; *Hargreaves* v. *Deacon,* 25 Mich. 1; *Burdick* v. *Cheadle,* 26 Ohio St. 393, 20 Am. Rep. 767.

In *City of Indianapolis* v. *Emmelman,* 108 Ind. 530, the court said: "Whoever while passing along, or when properly in a public street, suffers an injury, while exercising the degree of care which the law requires of such persons, by falling into an excavation which has been made in or near such street, is entitled to maintain an action for such injury against the person making the excavation. In such a case, the person making the excavation comes under an obligation to make it safe in respect to all persons who have a right to use the street."

The complaint avers that appellee did not know of the obstruction in the culvert and had no notice or knowledge of the accumulation of water at the side of the street, and that the boy's death was caused without any fault on the part of appellee or the boy. It will certainly not be contended that a parent, having no knowledge of any danger, was nevertheless guilty of negligence in permitting a child seven years old to go upon a public street without an attendant.

It is argued that a boy seven years of age of ordinary intelligence and experience is not conclusively *non sui juris,* but that he may be guilty of contributory negligence, and that as it is a question for the jury to say whether he is of sufficient understanding to be guilty of contributory negligence the complaint should aver facts from which it could be determined that he did not comprehend the danger to which he was subjected. If the child was *sui juris* and the facts specifically averred showed his own negligence contributed to his injury, there could be no recovery although

there is the general averment that he was free from fault. If the court can say as matter of law that the child was *non sui juris* it was not necessary to aver that the child was without fault. In the following cases, in actions by parents for damages for the death of a child ranging in ages from two years to seven years and two months, caused by the negligence of others, it was held not necessary to aver that the child was free from fault. *Indianapolis, etc., R. Co. v. Pitzer,* 109 Ind. 179; *Evansville, etc., R. Co. v. Wolf,* 59 Ind. 89; *Jeffersonville, etc., R. Co. v. Bowen,* 40 Ind. 545; *Pittsburgh, etc., R. Co. v. Vinings,* 27 Ind. 513. See, also, *Terre Haute, etc., Co. v. Tappenbeck,* 9 Ind. App. 422; *Louisville, etc., R. Co. v. Sears,* 11 Ind. App. 654; *Citizens St. R. Co. v. Stoddard,* 10 Ind. App. 278.

In Beach on Contributory Negligence (3rd ed.), §117, the author says: "It is a question of capacity, and it has been found a very difficult question, and has been, in many courts, a very fruitful source of controversy, as to what age is sufficient to constitute an infant *sui juris.* Unless the child is exceedingly young it is usually left to the jury to determine the measure of care required of the particular child in the actual circumstances of the case. Where there is no doubt as to the capacity of the child, at one extreme or the other, to avoid danger, the court will decide it as a matter of law." See *Moynihan v. Whidden,* 143 Mass. 287, 9 N. E. 645; *Central Trust Co. v. Wabash, etc., R. Co.,* 31 Fed. 246; *O'Flaherty v. Union R. Co.,* 45 Mo. 70; *McGarry v. Loomis,* 63 N. Y. 104, 20 Am. Rep. 510; *Mangam v. Brooklyn R. Co.,* 38 N. Y. 455; *Gavin v. City of Chicago,* 97 Ill. 66, 37 Am. Rep. 99; *Bay Shore R. Co. v. Harris,* 67 Ala. 6.

There is nothing averred in the complaint from which we can say as matter of law that the child was *sui juris.* Even if we can not go to the extent of saying that a child of seven years is not necessarily incapacitated from acting for his

own safety, yet the facts specifically averred do not show him to have been guilty of contributory negligence, and there is the general averment that he was free from fault. A child seven years old should be judged as a child and not as an adult. What might be an act of negligence on the part of an adult may not constitute contributory negligence on the part of such a child. The true rule would seem to be that a child will be held to that degree of care which, under like circumstances, would reasonably be expected of a boy of his years and capacity. Where there is any doubt as to a child being of that age and capacity that in law he should be held to be *sui juris* the question should be left to the jury to say whether he is so or not. The demurrer to the complaint was properly overruled. See *Nagle* v. *Allegheny, etc., R. Co.,* 88 Pa. St. 35, 32 Am. Rep. 413; *Mackey* v. *City of Vicksburg,* 64 Miss. 777, 2 South. 178; *Rockford, etc., R. Co.* v. *Delaney,* 82 Ill. 198, 25 Am. Rep. 308; *Elwood Electric St. R. Co.* v. *Ross, post,* 258.

It is argued that the evidence is insufficient to support the verdict, and it is first claimed there is no evidence that appellant ever lowered the bed of the stream. The question was not so much whether the city had lowered the bed of the stream as whether it had negligently maintained a culvert insufficient to carry away the water. The maintenance of the culvert in that condition for a number of years was charged as negligence, and if it permitted it to remain in that condition it is not material by whom it was originally lowered. As we have already observed the maintenance of an insufficient culvert was the proximate, though not the immediate, cause of the death. And it is argued that the condition causing the death could not have been reasonably anticipated. But the evidence shows that the act of the city created this condition, and there is evidence to support the averments of the complaint as to the stoppage of the culvert, the action of the water at the time in question, and its tendency to attract children. "Whoever," said the court

in *City of Indianapolis* v. *Emmelman,* 108 Ind. 530, "does anything in, or immediately adjacent to a public street, calculated to attract children of the vicinity into danger, which they can not appreciate, owes the duty of protecting them by suitably guarding the source of danger, or in case this is impracticable, by giving timely warning to their parents and guardians of the existence of the danger."

The fourth and fifth reasons for a new trial are that the damages are excessive; that no witness was called to value the child's services from which the jury could measure the damages. As the father, who sues, would have been entitled to the child's services had he lived, the law implies a pecuniary loss for which compensation may be given. The rule for determining damages where the complaint does not specifically ask for damages for loss of future services does not apply in this case. The complaint demands damages for the loss of future services of the child during his minority, and the jury may estimate this amount from the death of the child, his relationship to appellee, his age, physical and mental condition and ability, and the condition of appellee's family with respect to and use for the child. The measure of damages in such a case is the value of the child's services from the time of the death until he would have attained his majority taken in connection with his prospects in life, less the cost of his support and maintenance during that period, including such as board, clothing, schooling and medical attention. Taking all the evidence bearing upon this branch of the case we can not say that, for the death of a child seven years and three months old, a verdict for $599.95 should be set aside as excessive. *Louisville, etc., R. Co.* v. *Rush,* 127 Ind. 545; *Pennsylvania Co.* v. *Lilly,* 73 Ind. 252; 2 Thompson on Negl. 1289, §90; *Gilligan* v. *New York, etc., R. Co.,* 1 E. D. Smith, 453; *Ford* v. *Monroe,* 20 Wend. 210; *Hodsoll* v. *Stallebrass,* 39 E. C. L. 178; *Ihl* v. *Forty-second St., etc., R. Co.,* 47 N. Y. 317; *Gorham* v. *New York, etc., R. Co.,*

23 Hun 449; *Nagel* v. *Missouri Pac. R. Co.*, 75 Mo. 653; *Grogan* v. *Broadway, etc., Co.*, 87 Mo. 321; *Hoppe* v. *Chicago, etc., R. Co.*, 61 Wis. 357, 21 N. W. 227; *Little. Rock, etc., R. Co.* v. *Barker*, 39 Ark. 491; *Scheffler* v. *Minneapolis, etc., R. Co.*, 32 Minn. 518, 21 N. W. 711; *City of Chicago* v. *Scholten*, 75 Ill. 468; *Union Pac. R. Co.* v. *Dunden*, 37 Kan. 1, 14 Pac. 501; *City of Chicago* v. *Major*, 18 Ill. 349.

Complaint is made of a statement made by the court in the presence of the jury. It developed upon the examination of a witness by appellant that appellee had subpœnæd the same witness, but, after she had related to one of appellee's attorneys what she had seen, counsel for appellee had directed her to go home as she was not needed. Appellant then had her subpœnæd, and it was as to her examination as to these facts that the court made the statement that he did not think such evidence important or material. We fail to see how jurors of average intelligence could be prejudiced or influenced upon the merits of the case by such a remark.

The instructions given to the jury are quite lengthy and cover every material element in the case. It is a well settled rule that not only must each instruction be considered in its entirety but that all the instructions must be considered as a whole. When so considered they correctly state the law, and are as favorable to appellant as could reasonably be asked. The answers of the jury to the interrogatories support the general verdict and it is not claimed by appellant's counsel that they are in conflict with the general verdict. There is no error in the record for which the judgment should be reversed.

Judgment affirmed.