## FIFER ET AL. v. RACHELS ET AL.

[No. 5,311. Filed November 28, 1905. Rehearing denied February 2, 1906.]

1. SPECIFIC PERFORMANCE. — Contracts.—Conveyances.—Consideration.—Care and Support.—Where decedent proposed that if plaintiff would take care of and provide for him during the remainder of his life he would convey to her his farm, and she accepted same, such agreement was founded upon a valuable consideration, and if she faithfully carried out such agreement, specific performance should be decreed. p. 277.

2. DEEDS.—Delivery.—Question for Jury.—Whether there was a delivery of a deed, which involves an intentional parting with the control over same, is usually a question of fact for the jury. p. 277.

3. TRIAL.—Finding.—Deeds.—Delivery.—A general finding for plaintiff on a cross-complaint asserting the validity of a deed includes a finding of delivery. p. 277.

4. APPEAL AND ERROR.—Law of the Case.—Evidence.—Where the evidence in a cause is held insufficient on a prior appeal, such decision is the law of the case on such evidence, but where additional evidence, which is not merely cumulative, is introduced on a subsequent trial such former decision is not the law of the case. p. 277.

5. DEEDS.—Delivery.—Estoppel.—Heirs.—Where decedent agreed to deliver plaintiff a deed to his farm in consideration of care and maintenance, and plaintiff was led to believe that the deed executed by decedent was held in escrow for her and was to be delivered at her request, such decedent's heirs will be estopped from claiming that there was a failure of delivery, where it is shown that plaintiff in good faith relied thereon and performed her part of the contract. p. 278.

From Posey Circuit Court; *Alexander Gilchrist,* Special Judge.

Suit by Clarence L. Fifer and others against Olive Jane Rachels and others. From a decree for defendants on the cross-complaint, plaintiffs appeal. *Affirmed.*

*W. S. Jackson, H. F. Clements, Leroy M. Wade* and *F. P. Leonard,* for appellants.

*G. V. Menzies* and *D. O. Barker,* for appellees.

Roby, J.—A judgment for appellees was heretofore reversed by this court upon the ground that the nondelivery of the deed under which appellees claim was conclusively established by the evidence. *Fifer* v. *Rachels* (1901), 27 Ind. App. 654. When the case was returned to the trial court, an additional paragraph of cross-complaint was filed by appellee Olive Jane Rachels, in which she averred the making of a contract by decedent in 1886, by the terms of which she and her husband were to move upon and take possession of the real estate in controversy, and board, lodge, care and provide for decedent during his life, in consideration of which he was to convey the land in controversy, in accordance with the terms of the deed, delivery of which is in dispute; that she entered upon the execution of said contract, took possession of said real estate, and in all things complied with her undertaking, and in 1894, pursuant to said agreement, decedent executed a deed to said appellee for said real estate, deposited the same with a third party, and informed her that she could have possession of it at once if she wished. The facts connected with the attempted delivery of said deed are set out, and a decree of specific performance, if said instrument is held invalid, is prayed.

It was said on the former appeal: "the grantor undoubtedly intended that the grantees named in the deed should

have the land," and the evidence establishes the 1. making of the contract and its performance on the part of said appellees. The decedent undoubtedly received a satisfactory consideration, and, in view of his age and dependence, it was probably an adequate one. It follows that the contract should be specifically enforced, if the party has brought herself within the specific rules of law necessary to the procurement of such relief, provided the decedent failed to consummate it.

Whether the deed or other instrument was delivered is a question of fact. *Indiana Trust Co.* v. *Byram* (1905), 36 Ind. App. 6. To constitute delivery there must 2. have been an intention to part with control over the deed as its owner. *Indiana Trust Co.* v. *Byram, supra.*

The finding of the court carries with it a find- 3. ing that the deed was delivered; such fact being within the issues of the case.

If the evidence upon the second trial was substantially identical with that considered upon the former appeal, the conclusion then reached became, and is now, the 4. the law of the case. *Westfall* v. *Wait* (1905), 165 Ind. 353. If additional evidence, not merely cumulative, was introduced upon the last trial, then the law of the case is not an applicable doctrine. *Buehner Chair Co.* v. *Feulner* (1905), 164 Ind. 368. The decision in the prior appeal was that the facts shown were inconsistent with delivery to the third person for said appellee, and that an intention not to part with control over it was made out. *Fifer* v. *Rachels, supra.* In arriving at this conclusion, certain statements made by decedent to others than the person holding the deed or to appellee Olive Jane Rachels, were, together with the indorsement upon the envelope containing said deed and other papers, given controlling weight.

Among other witnesses who testified upon the last trial was Samuel Griffin, seventy-seven years of age, and a long-time, intimate friend of decedent. His testimony was, in part, as follows: "He [decedent] told me what he had done. He said he had made a contract with her, before she had come there, to come there and live with him, keep house for him, and take care of him the balance of his days, and he would deed her a certain piece of land. * * * He said she would not come down unless he had agreed to it. * * * She had filled the bill as well as could be expected. * * * I did not hear any complaints, except he got sick in the meantime with neuralgia. When he got up out of that she told him she was going to move, without him doing something for her. He wanted to know why, and she says: 'If you drop off in one of those spells, we would be kicked out of here by law.' She said: 'I have staid here and taken care of you and all. We haven't accumulated anything, we haint got nothing, and I haint going to stay here unless you fix it up.'" Shortly thereafter decedent went to New Harmony, and the deed in controversy was prepared and deposited at the bank.

Isaac Forbes testified to a subsequent conversation in which decedent said to appellee Olive Jane Rachels: "'Well, it's yours. If you want it repaired, repair it; I am about done repairing. Its yours.' She says: 'I haven't got a deed for it.' He says: 'You know where it is. You can go and get it. If you want any repairing done, you can repair it.'"

Another witness testified to a conversation with decedent in the presence of Mrs. Rachels' children. "I spoke about them children being nice children, and he says: 'Yes; I am to start them little fellows out in life in pretty good shape when I leave here.' I says: 'Is that so?' He says: 'Yes; I have deeded to them and their mother this place here.' * * * Mrs. Rachels says:

'Yes; but I have never got my deed yet.' And he says: 'Well, I know you haint, but I told you different times where they are at.' And he says: 'If you don't want to take my word for it you can go to the New Harmony Bank and draw your deed out. If you are afraid I don't tell you the truth, you go there and draw it out.' "

It appears that said appellee continued thereafter to render the service contracted for by her.

Appellants occupy no stronger position than decedent would have done were he himself disputing delivery of the deed. The principle that, for the sake of good faith and fair dealing, a man shall be estopped from showing that to be false which, by his means, has once been accredited as truth, and in reliance upon which others have been thus led to act, may apply to every transaction, the facts of which come within its reason. The fraud against which the law guards is that which would be consummated if such assertion were at a later time allowed. *Anderson v. Hubble* (1882), 93 Ind. 570, 47 Am. Rep. 394.

The averments of the cross-complaint are construed as sufficient to authorize the court to find, as it is presumed to have done, that decedent had, by his declaration and the procurement of services, thereby estopped himself and his heirs from denying the delivery of the deed. *Walker v. Walker* (1866), 42 Ill. 311, 89 Am. Dec. 445; *Bryan v. Wash* (1845), 2 Gilm. (Ill.) 557; *Rodemier v. Brown* (1897), 169 Ill. 347, 357, 48 N. E. 468, 61 Am. St. 176. This conclusion in no way conflicts with any proposition asserted in the former decision. It excludes consideration of questions discussed relative to specific performance.

Judgment affirmed.