## OHIO VALLEY TRUST COMPANY *v.* WERNKE.

[No. 22,099. Filed October 29, 1912. Rehearing denied January 7, 1913.]

1. APPEAL.—*Rulings on Prior Appeal.—Law of the Case.—Sufficiency of Complaint.*—Where alleged error in overruling a demurrer to a complaint was presented to the Appellate Court as ground for reversal in a former appeal, its decision holding such complaint sufficient is the law of the case as to its sufficiency throughout all subsequent stages of the cause, where such complaint remains unchanged. p. 52.

2. APPEAL.—*Rulings on Prior Appeal.—Law of the Case.—Sufficiency of Complaint.*—Where, on a former appeal, the overruling of a demurrer to the complaint for want of facts was presented to the Appellate Court for review as error, and its ruling on that question was adverse to appellant, such ruling is conclusive as to the sufficiency of the complaint to state a cause of action, and any objections to the sufficiency of such complaint that were not then urged were waived, and are not available on a subsequent appeal. p. 52.

3. APPEAL.—*Subsequent Appeals.—Law of the Case.*—All questions reserved for review on appeal, if presented at all, must be presented on the first appeal thereafter from a final judgment, since, after the determination of such appeal, all questions presented by the record will be considered as finally determined and all questions not expressly affirmed or reversed will, by implication, be deemed affirmed. p. 53.

4. APPEAL.—*Review.—Harmless Error.—Ruling on Motion to Strike Out.*—A judgment will not be reversed on account of the overruling of a motion to strike out part of the complaint. p. 54.

5. APPEAL.—*Subsequent Appeals.—Sufficiency of the Evidence.*—Where the evidence in the record on a subsequent appeal is substantially identical with that involved in a former appeal, wherein it was held sufficient to sustain the verdict, the question of its sufficiency to sustain the verdict is *res adjudicata.* p. 54.

6 APPEAL.—*Review.—Harmless Error.—Admission of Evidence.*—In an action for the death of plaintiff's son in a passenger elevator, error in the admission of evidence as to the defective condition of another elevator in the same shaft, was rendered harmless, where the court sustained appellant's motion to withdraw such evidence from consideration of the jury and instructed the jury not to consider it for any purpose. p. 55.

7. APPEAL.—*Review.—Harmless Error.—Admission of Evidence.*
—Error in the admission of evidence, and the refusal of the
court to strike it out and withdraw it from the jury's consid-
eration, is harmless, where, aside from such objectionable evi-
dence, there was competent, unchallenged and uncontradicted
evidence sufficient to fully support the verdict. p. 55.

8. APPEAL.—*Record.—Questions Presented for Review.—Briefs.*—
No question is presented by the claim made in appellant's brief
that the court erred in admitting certain testimony, where ap-
pellant's motion for a new trial did not include any such claim
of error as a cause. p. 56.

9. PARENT AND CHILD.—*Death of Child.—Damages.—Instructions.*
—In a parent's action for the death of his son, an instruction
that in estimating plaintiff's damages the jury might consider
the condition of his family at the time of the accident, and the
pecuniary value of all acts of kindness and attention which it
might reasonably be anticipated the son would have performed
for plaintiff and his family until majority, was a correct state-
ment of the law. p. 56.

10. NEGLIGENCE. — *Contributory Negligence. — Instructions.*— The
defect in an instruction which merely stated that defendant has
the burden of showing contributory negligence, is supplied by
another instruction informing the jury that the question of con-
tributory negligence should be determined from all the evidence
given in the cause. p. 57.

11. APPEAL.— *Review.— Instructions.— Issues.—Evidence.*—Where
the complaint to recover for the death of plaintiff's son in a
passenger elevator alleged that defendant negligently selected
and employed an incompetent and inexperienced person to oper-
ate the elevator, and failed and neglected properly to instruct
him in regard to his duties, and there was evidence to sustain
such allegation, an instruction relating to defendant's failure
properly to instruct such operator was not outside the issues
and evidence. p. 57.

12. CARRIERS.—*Elevators.—Injury to Passenger in Elevator.—In-
structions.*—In an action to recover for the death of a passenger
in an elevator, an instruction applying the law of the case as
declared on a former appeal, on the relation of carrier and pas-
senger, hypothetically to the facts within the issues and of which
there was evidence, and told the jury that if it found such facts
to exist, the decedent was a passenger, was proper, and, when
considered with other instructions, is not open to the objection
that the jury may have understood therefrom that it might con-
sider negligence on the part of the operator or defects in the ele-
vator not alleged or proved by the evidence. p. 57.

13. APPEAL.—*Subsequent Appeals.—Law of the Case.—Instruc-
tions.*—Where an instruction was presented for review on a

former appeal and was approved as a correct statement of the law, and the issues involved on a subsequent appeal of the case are the same and the evidence is not materially different, the former adjudication of the correctness of such instruction is, as to it, the law of the case. p. 58.

14. TRIAL.—*Instructions.—Assuming Facts.*—An instruction that some evidence has been introduced tending to show certain defects on occasions prior to the time of the injury complained of, and telling the jury that if it finds from the evidence the existence of such defects it may consider such evidence as bearing on the question as to whether defendant had notice or by the exercise of reasonable care and diligence should have known of the defective condition of the elevator at the time of the injury complained of, does not assume that the elevator was defective, but leaves the existence of that fact for the determination of the jury. p. 58.

15. APPEAL.—*Review.—Instructions.—Evidence.*—A cause will not be reversed for alleged error in the instructions, where the only evidence given in the case established without contradiction the appellant's negligence, and the jury's finding that appellee's decedent was free from contributory negligence appears to be the most reasonable inference to be drawn from the evidence before it, since it is manifest that the error, if any, could not have affected injuriously appellant's rights. p. 59.

16. NEGLIGENCE.—*Complaint.—Instructions.*—Where the complaint in a negligence case contained two charges of negligence, a requested instruction, so drawn as to lead the jury to understand that plaintiff could not recover if the evidence failed to establish either of the acts of negligence alleged as the proximate cause of the injury, was properly refused. p. 59.

17. PARENT AND CHILD.—*Death of Child.—Damages.—Excessive Damages.*—An award of $2,500 damages to a father for the death of his son is not excessive where the son, at the time of his death, was slightly under fifteen years of age, was healthy, strong and industrious, affectionate in the family and helpful about home, and was earning about $20 per month as a messenger boy when killed, and when not thus employed was of valuable assistance to his father in performing work of a carpenter. p. 60.

From Superior Court of Vanderburgh County; *Alexander Gilchrist,* Judge.

Action by William Wernke against the Ohio Valley Trust Company. From a judgment for plaintiff, the defendant appeals. (Transferred from Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.) *Affirmed.*

*Elmer E. Stevenson, Robinson & Stilwell* and *George D. Heilman,* for appellant.

*James T. Cutler, John W. Spencer, John R. Brill* and *Frank H. Hatfield,* for appellee.

Cox, C. J.—This is the second appeal in an action by appellee to recover damages for the death of his minor son alleged to have been caused by the negligent use and operation of a passenger elevator in appellant's office building. The first appeal resulted in a reversal of a judgment in appellee's favor by reason of error on the part of the trial court in admitting incompetent evidence. *Ohio Valley Trust Co.* v. *Wernke* (1908), 42 Ind. App. 326, 84 N. E. 999.

It is first contended that the court below erred in overruling appellant's demurrer to the complaint. This ruling was made before the former appeal and was presented to

1.   the Appellate Court as error for which a reversal was asked. The question was decided adversely to appellant. The complaint has not been changed or amended since that ruling was made and it settled the law of the case, so far as the sufficiency of the complaint is concerned, throughout all the subsequent stages of the cause. *Chambers* v. *Kyle* (1882), 87 Ind. 83; *Lillie* v. *Trentman* (1891), 130 Ind. 16, 29 N. E. 405; *James* v. *Lake Erie, etc., R. Co.* (1897), 148 Ind. 615, 48 N. E. 222; *Hatfield* v. *Cummings* (1899), 152 Ind. 537, 53 N. E. 761; *Pittsburgh, etc., R. Co.* v. *Collins* (1907), 168 Ind. 467, 80 N. E. 415; *Chicago, etc., R. Co.* v. *Cobler* (1909), 172 Ind. 481, 87 N. E. 981; *Supreme Lodge, etc.,* v. *Andrews* (1906), 39 Ind. App. 1, 77 N. E. 361, 78 N. E. 433.

But counsel for appellant contend that the Appellate Court on the former appeal did not pass upon the sufficiency of the complaint nor in terms declare that it stated

2.   a cause of action; that the opinion of that court shows that it was only determined that the complaint was not subject to the one objection then made against its sufficiency;

and they now press numerous additional alleged defects in the complaint which, it is claimed, make it fall short of stating a cause of action. Appellant's demurrer to the complaint was for want of facts sufficient to state a cause of action. It was overruled by the trial court. That ruling was presented to the Appellate Court for review as error and the ruling of that court on the question was adverse to appellant. Thereby the sufficiency of the complaint as stating a cause of action was declared, and became the law of the case. If appellant saw fit to withhold in that appeal the objections now made to the complaint it has waived them and they are not available for further prolonging the litigation. Any other conclusion would permit a party against whom a judgment had been taken on a complaint containing a number of alleged defects, each claimed to render it insufficient as a statement of a cause of action, to present the question of the validity of the complaint, involved in one ruling on demurrer, in as many appeals as objections to it . might be conjured by a fertile mind. Such a practice would be an outrageous offense against the guaranty of a speedy administration of justice and has been before denied by this court. *Dodge* v. *Gaylord* (1876), 53 Ind. 365, 369; *McKinney* v. *State, ex rel.* (1889), 117 Ind. 26, 27, 19 N. E. 613; *Stevens* v. *Templeton* (1910), 174 Ind. 129, 131, 91 N. E. 563.

As said in the case last cited appeals cannot be allowed by piecemeal. There must be an end to them as speedily as the contention of litigants may be advanced and decided.

3. So it is that all questions reserved for review by an appellate court must be presented on the first appeal thereafter from a final judgment, or not at all; for thereafter all questions presented by the record will be considered as finally determined and all such questions not expressly affirmed or reversed will, by implication, be deemed affirmed. In *McKinney* v. *State, ex rel., supra,* the rule was thus stated: "In order that there may be an end to litiga-

tion, questions which were open to dispute, and were either expressly or by necessary implication decided on the first appeal of a cause, will not be open for review on a second appeal, upon which only so much of the proceedings as are found to have taken place after the order remanding the cause will be considered. What precedes the mandate will be regarded as finally disposed of, and no longer the subject of debate in any of the subsequent stages of the case.''

The second claim of error on the part of the trial court is based on its action in overruling appellant's motion to strike out certain parts of the complaint. This motion was made, acted upon by the court and appellant's exception taken before the first appeal, and under the rule just stated the ruling of the court is not open for review in this appeal. Moreover it is well settled that a judgment will not be reversed on account of the overruling of such a motion. *Gill* v. *State, ex rel.* (1880), 72 Ind. 266; *Woodhams* v. *Jennings* (1905), 164 Ind. 555, 73 N. E. 1088, and authorities cited.

4.

Among the causes for a new trial included in appellant's motion it is earnestly insisted by counsel that the one attacking the sufficiency of the evidence to sustain the verdict is valid. The evidence in the record before us is substantially identical with that involved in the first appeal, except that it appears that appellant introduced no evidence in this trial and that the evidence held objectionable in the former appeal was not given in the trial presented for review now. The evidence for the appellee, to say the least, as strongly establishes a liability against appellant as that given on the former trial. And it is not modified by any evidence from appellant, as that was, which was considered and held by the Appellate Court sufficient to establish the negligence charged against appellant and to negative contributory negligence on the part of the dead son of appellee. Upon these same grounds the sufficiency of the evidence is questioned in this appeal. In such case the rule

5.

is that the question of the sufficiency of the evidence to sustain the verdict is *res adjudicata.* *Westfall* v. *Wait* (1905), 165 Ind. 353, 73 N. E. 1089, 6 Ann. Cas. 788, and cases cited; *Fifer* v. *Rachels* (1906), 37 Ind. App. 275, 76 N. E. 186.

It appears that in the building of appellant in which the son of appellee met his death, there were, at that time and before, two passenger elevators running in the same shaft side by side, and each having doors in one enclosing cage at each of the five floors of the building. During the trial that one of the elevators through the instrumentality of which the boy was alleged to have been killed was designated No. 1 and the other No. 2. On the trial testimony was admitted, over the objection of appellant, tending to show a defective condition existing in elevator No. 2, at different times for some considerable time before the happening of the death sued for. This was assigned as cause for a new trial, and is relied on by appellant as reversible error. This claim of error, if valid, cannot secure a reversal for appellant, for the record shows that the court at the close of the evidence for the appellee sustained a motion by appellant to withdraw the testimony from consideration by the jury, and instructed it not to consider it for any purpose. This under repeated decisions of this court rendered the error, if any, harmless. *Zehner* v. *Kepler* (1861), 16 Ind. 290; *Blizzard* v. *Applegate* (1881), 77 Ind. 516; *Shepard* v. *Goben* (1895), 142 Ind. 318, 39 N. E. 506; 1 Ind. Dig. Ann. §1053, and cases cited.

Complaint is also made of the admission of testimony showing the defective condition of elevator No. 1, and of the doors in the cage at other floors of the building than the one at which the accident occurred, at numerous times prior thereto, and the refusal of the court to strike it out and withdraw it from the jury's consideration. There was competent, unchallenged and uncontradicted testimony before the jury to establish the defective condition of the elevator, and of the door at the floor where

the boy was thrown down the shaft to his death, as well as the incompetency of the elevator operator who was in charge at the time, and upon this the verdict rests. Appellant made no effort to meet it. If all the testimony against which appellant now makes complaint had been excluded the verdict for appellee would still have been fully supported on the issue of appellant's negligence with no antagonistic evidence in appellant's behalf. For this reason, if the testimony of which complaint is made should be conceded to be improper as construed by appellant, a reversal of the cause would not be warranted, for the rule is that the admission of improper evidence of a fact in issue is harmless when the verdict is supported by sufficient, competent, uncontradicted evidence. *Parker* v. *State, ex rel.* (1846), 8 Blackf. 292; *Manchester* v. *Doddridge* (1852), 3 Ind. *360; *Stumph* v. *Miller* (1895), 142 Ind. 442, 41 N. E. 812; numerous cases in 1 Ind. Dig. Ann. §1051.

In the "Points and Authorities" of appellant's brief under alleged error in overruling the motion for a new trial, the claim is presented that the court committed error 8. in permitting appellee to testify as to the size of his family and the ages of its members. Appellant's motion for a new trial did not include any such claim of error as a cause and the point now made is without foundation.

Claims of error on the part of the trial court in the giving to the jury of a number of instructions and the refusal to give others tendered by appellant are also involved in 9. the denial of appellant's motion for a new trial. It is contended that the court erred in giving instruction No. 2 requested by appellee. This instruction dealt with the measure of damages and clearly limited appellee's recovery to his pecuniary loss. The objection to it is, that by its terms the jury was told, among other things, that in estimating the appellee's damages it might consider the condition of his family at the time of the alleged accident, and that it might consider the pecuniary value of all acts of

kindness and attention which might reasonably be anticipated that his son would have performed for the plaintiff and his family until his majority. The giving of this instruction was not error. On the contrary it stated correctly the law as it has been declared in this State. *Louisville, etc., R. Co.* v. *Rush* (1891), 127 Ind. 545, 26 N. E. 1010; *City of Elwood* v. *Addison* (1901), 26 Ind. App. 28, 59 N. E. 47; *Hunt* v. *Conner* (1901), 26 Ind. App. 41, 59 N. E. 50.

Objection is made to appellee's instruction No. 3, which the court gave, because it told the jury that the burden of showing contributory negligence on the part of decedent was upon appellant and did not go farther and say that whether there was contributory negligence on his part should be determined from all the evidence given in the cause. The instruction was merely incomplete in this respect and its lack was covered by instruction No. 7 requested by appellant and given by the court.

Instruction No. 4 given at the request of appellee is not subject to the complaint made of it. It related to the effect of the failure of appellant properly to instruct the elevator operator in his duties. Counsel claim that it was outside of the issues and the evidence and therefore harmful. This claim is not sustained. An allegation of the complaint was, "that the defendant negligently selected and employed said incompetent and inexperienced person and failed and neglected to properly instruct him in regard to his duties." There was evidence to sustain this allegation and considering the instruction together with the others given it was not incorrect.

Instruction No. 5 given at appellee's request is not subject to the complaint of appellant that it does not contain a correct statement of the law and facts to be considered and applied in determining the question whether appellee's son was a passenger when injured. It applied the law of the case as declared by the Appellate Court on the former appeal, on the relation of carrier and passenger,

hypothetically to facts within the issues and of which there was evidence, and told the jury that if it found such facts to exist, the son was a passenger. Nor do we think that the jury could have understood from this instruction, as appellant contends, when it is considered together with the others given, that it might consider negligence on the part of the operator or defects in the elevator not alleged or proved by the evidence.

Extended complaint is made of the giving of instruction No. 7 requested by appellee. This instruction fixed the legal status of a company operating a passenger elevator 13. in an office building for the use of its tenants and their patrons, as a common carrier of passengers for hire and defined its duties. The instruction was given as instruction No. 8 in the first trial and was presented to the Appellate Court for review on the former appeal just as it appears in the record before us. It was then approved as a correct statement of the law. The issues involved in this appeal are the same as in the former, and the evidence is not materially different. The former adjudication of the correctness of this instruction is, as to it, therefore, the law of the case, and controversy over the instruction is ended in this case. *Ohio Valley Trust Co.* v. *Wernke, supra.*

It is complained that in instruction No. 9, which was given at appellee's instance, the court twice assumed and stated that the elevator was defective, and this, it is claimed 14. was error. We do not so read the instruction.

On the contrary the existence of that fact was unreservedly left for the jury to determine. The instruction stated that "Some evidence has been introduced in this case tending to show certain defects in the elevator and the door in question on occasions prior to the time of the injury to plaintiff's son, as set forth in his complaint. * * * If you find from the evidence" the existence of such defects "you may consider such evidence as bearing upon the ques-

tion as to whether defendant had notice or by the exercise of reasonable care and diligence should have known of said defective condition of the elevator in question at the time of the injury complained of to plaintiff's son.'' The instruction did not invade the right of the jury to determine the facts. *Huffman* v. *Cauble* (1882), 86 Ind. 591; *Huntington Light, etc., Co.* v. *Beaver* (1905), 37 Ind. App. 4, 15, 73 N. E. 1002.

Counsel for appellant make a severely critical analysis of several instructions given by the court of its own motion, and insist that the giving of each of them was error.

15. And it is also contended that error was committed by the court in refusing to give five certain instructions tendered by appellant. No evidence was given in the trial of the cause, except that for plaintiff. It established without contradiction, negligence on the part of appellant. The only question upon which there might reasonably be two inferences was whether decedent's death was caused by appellant's negligence solely, or whether it was brought about by his own. It seems to us that the jury drew the most reasonable and plausible inference from the evidence before it, and we think it manifest that nothing in the court's instructions of which complaint is made injuriously affected appellant's rights. Appellant's in-

16. struction No. 4 was properly refused, for it was clearly incorrect, in that its language would have given the jury to understand that appellee could not recover if the evidence failed to establish either of the acts of negligence alleged, the defective condition of the elevator or the incompetent or negligent operation of it, as the proximate cause of the death of appellee's son. In so far as the other instructions requested by appellant and refused by the court were correct, they were fairly covered by the instructions of the court and others given at appellant's request.

Appellee was awarded $2,500 damages. It is contended

that this sum is excessive. At the time he was killed, appellee's son was about fourteen years and ten months of 17. age. The evidence shows that he was healthy, strong and industrious; that he was kind and affectionate in the family relationship, and willing and apt in performing the many acts of service and help which a humble home of father, mother and six children calls for. During the winter he was killed he was earning $20 or $21 a month as a messenger boy. Before that he had helped his father, who was a job carpenter, with his work, with efficient and valuable service. At shingling his services were worth $1.75 per day. He was learning the carpenter trade, and during his spare time he worked in his father's shop, making things for his mother and sisters, or for others who paid him for his work. From this evidence it must be obvious that even upon the hard, pecuniary basis fixed by our law for giving damages in such cases, the sum awarded cannot be said to be excessive.

Judgment affirmed.

Spencer, J., did not participate in the consideration and decision of this cause.

Note.—Reported in 99 N. E. 734. See, also, under (1) 3 Cyc. 395, 401; (2) 3 Cyc. 401; (3) 3 Cyc. 395; (4) 31 Cyc. 669; (5) 3 Cyc. 402; (6) 38 Cyc. 1441; (7) 38 Cyc. 1411; (8) 29 Cyc. 742; (9) 29 Cyc. 1649; (10) 38 Cyc. 1782; (11) 38 Cyc. 1612; (12) 38 Cyc. 1778; (13) 3 Cyc. 403; (14) 38 Cyc. 1663) ; (15) 38 Cyc. 1809; (16) 38 Cyc. 1602; (17) 29 Cyc. 1653. As to damages for causing death, see note to *Louisville, etc., R. Co.* v. *Goodykoontz* (Ind.) 12 Am. St. 375 ; 70 Am. St. 669. As to what is an excessive verdict in an action for death by wrongful act, see 18 Ann. Cas. 1209.