American Motor Car Co. *v.* Robbins—181 Ind. 417.

# AMERICAN MOTOR CAR COMPANY ET AL. *v.* ROBBINS.

[No. 22,521.   Filed December 19, 1913.   Rehearing denied
April 1, 1914.]

1. NEGLIGENCE.—*Injuries to Pedestrians.—Collision with Automobile.—Verdict.—Answers to Interrogatories.*—In an action for the death of a child that was struck by an automobile, answers to interrogatories showing that the child was playing on the sidewalk, that the operator of the automobile first saw the child when only eight feet away and endeavored to stop, that the boy at the time was eight years and ten months of age, of average intelligence, in the possession of all his faculties, and of sufficient age and intelligence to know and appreciate the risk and danger of going into the street, and that he did not run by a team of horses standing at the sidewalk into the roadway immediately in front of the automobile, did not present a conflict with the general verdict that was beyond the possibility of removal by evidence admissible under the issues.   p. 419.

2. EVIDENCE.—*Opinion Evidence.—Speed of Automobiles.*—In an action to recover for a death caused by collision with an automobile, the court did not err in permitting a nonexpert, who had ridden in automobiles, and who saw the automobile as it approached the place of the accident, to state his estimate of its speed.   p. 420.

3. TRIAL.—*Refusal of Instructions.*—The court does not err in refusing to give a requested instruction, unless it is its duty to give the instruction precisely as requested.   p. 420.

4. NEGLIGENCE.—*Trial.—Instructions.—Refusal.*—In an action for a death resulting from a collision with an automobile, where neither paragraph of complaint sought a recovery on the ground of a wilful injury, an instruction, stating the defense of contributory negligence hypothetically, directing a verdict for defendant if the jury found the assumed facts proven, and concluding that if the driver of the automobile did not wilfully collide with decedent the verdict should be for defendant, was misleading and properly refused.   p. 421.

5. APPEAL.—*Review.—Refusal of Instructions.*—No harmful error resulted from the refusal of a requested instruction, where it was substantially covered by an instruction given.   p. 421.

6. DEATH.—*Action for Death of Child.—Damages.—Measure.*—Under §267 Burns 1908, §266 R. S. 1881, authorizing a father to sue for the death of his minor child, a recovery by the father is contemplated in an amount sufficient to compensate him for the pecuniary loss occasioned by the child's death, and since there

is no mathematical or exact rule for measuring the damages, the amount must be fixed by estimate and necessarily rests in the good sense and discretion of the jury. p. 421.

7. DEATH.—*Action for Death of Child.—Excessive Damages.*— Where, in a father's action for the death of a son nearly nine years old, it was shown that the boy was bright and obedient, that he had been trained to do chores about the home and to run errands, that he rendered service in helping his mother that would have to be performed by other help, and that the boy's funeral expenses were $152.50, a verdict for $1,575 was not excessive. p. 422.

From Superior Court of Marion County (80,786); *Vinson Carter,* Judge.

Action by Frank Robbins against the American Motor Car Company and another. From a judgment for plaintiff, the defendants appeal. (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.) *Affirmed.*

*Edgar A. Brown, James E. Kepperley* and *J. Olias Vanier,* for appellants.

*Charles B. Clarke* and *Walter C. Clarke,* for appellee.

MORRIS, C. J.—Appellee's son, aged eight years and ten months, was run over and killed, on Washington Street, Indianapolis, by an automobile driven by appellant Kyle, while in the employ of appellant American Motor Car Company. This suit was to recover for loss of services of the child, caused by its death. The complaint is in two paragraphs, the first alleging that the child's death resulted from appellants' negligence in running the machine at a speed in violation of a city ordinance limiting the speed to 12 miles per hour, and the second alleging that the death resulted from appellants' negligence in running the machine at a negligently high rate of speed, to wit, in excess of 50 miles per hour. Neither paragraph alleges any wilful misconduct. There was a trial by jury, and a general verdict for appellee, with answers to interrogatories.

It is claimed the answers to the interrogatories show con-

tributory negligence of the appellee's son, and that the court consequently erred in overruling appellants' 1. motion for judgment on such answers. The answers to the interrogatories show that the little boy was struck and killed on the north side of Washington Street, just west of its intersection with Bradley Avenue which runs north and south; that there was a brick building, thirty-seven feet wide fronting on Washington Street; at the northwest corner of the crossing of the streets, and in front of the building, at the street curb, there were two wagons, with horses hitched thereto; the east wagon had no covered top, while the other did; that there was a passage way between the wagons; that appellant Kyle was driving the machine west on Washington Street, and, before reaching Bradley Avenue, decreased its speed; that the machine was making a loud noise, and while it was approaching Bradley Avenue, the decedent was playing with some other boys, on the sidewalk, in front of the building; that Kyle first saw decedent in the street when the machine was only eight feet distant from him, and immediately turned the car, and endeavored to stop it; that at the time of the accident, the boy was aged eight years and ten months, of average intelligence, in the possession of all his faculties, and was of sufficient age and intelligence "to know and appreciate the risk and danger of going into the street." Interrogatory No. 27, and answer thereto are as follows: "Did not said Devere Robbins, at and about the time said defendant Kyle had crossed said Bradley Avenue with said automobile test car, and while driving in said westerly direction, along the north side of said East Washington Street in said city of Indianapolis, run from the sidewalk immediately south of said brick building and in front of the team of horses and wagon standing at the north curb of said street, and into the roadway immediately in front of said automobile being so driven by said Kyle?" A. "No." There is no finding in relation to the width of the roadway

of Washington Street, or where the point of collision was, with reference to the north street curb, except that it was on the north side of 'Washington 'Street; it is not found whether the boy entered the roadway, in the passageway between the wagons, or what, if anything, obstructed his view of the approaching car; there was no finding in regard to the speed of the machine. It cannot be said that there is such conflict between the answers and general verdict as bars the possibility of its removal by evidence which might have been given under the issues, and therefore there was no error in overruling appellants' motion. *Inland Steel Co.* v. *Smith* (1907), 168 Ind. 245, 80 N. E. 538, and cases cited.

An adult resident of Indianapolis, who had ridden in automobiles, and who observed the moving of the car in controversy as it approached the place of accident,

2. was permitted, over appellants' objection, to state his estimate of its speed. The witness was not qualified as an expert, and, because thereof, appellants claim that there was error in receiving the estimate. The evidence was properly admitted. *Louisville, etc., R. Co.* v. *Hendricks* (1891), 128 Ind. 462, 28 N. E. 58; 3 Chamberlayne, Mod. Law of Ev. §2086.

Instruction No. 5, requested by appellants was refused. In this refused instruction, appellants endeavored to state hypothetically the facts relating to the defense of contributory negligence and requested a direction for recovery by appellants, if the jury should find the assumed facts proven. Following the hypothetical statement, the instruction concludes as follows: "Then, and in that event, his contributory negligence in so running into the roadway must defeat a recovery in this case, and if you find the facts as above . set out and that the defendant, Harry Kyle did not *wilfully run into said boy, then* and in that event, I instruct

3. you to return the verdict for the defendants." (Italics ours). Unless it was the duty of the court to give

the instruction precisely as requested, there was no error in its refusal. *Chicago, etc., R. Co.* v. *Pritchard* (1907), 168 Ind. 398, 419, 79 N. E. 508, 81 N. E. 78, 9 L. R. A. (N. S.) 857. This instruction was misleading, because the jury might have inferred therefrom that one of the paragraphs of complaint stated a cause of action for wilful injury only, while in truth, appellee sought no recovery for such cause. *Indianapolis St. R. Co.* v. *Taylor* (1902), 158 Ind. 274, 63 N. E. 456.

It is contended that the court erred in refusing appellants' requested instruction No. 7 which related to the measure of damages. Instruction No. 9, given by the court, on its own motion, substantially embraced the matters in the one refused, and consequently there was no harmful error.

It is zealously insisted that the damages assessed are excessive, and that a verdict was unwarranted except for the funeral expenses of the child, and that, under the evidence, any other damages were merely speculative and conjectural. It was shown by the evidence that at the time of the accident, appellee was a laborer engaged in driving an ice delivery wagon; that his wife was somewhat of an invalid, and found it difficult to walk; that they had two other children, one two years old, and the other a boy less than fifteen years of age, then employed as a clerk in a grocery; that the decedent was sound in body, larger than the average boy of the same age, had a bright intellect, and was obedient to his parents. It also appears that he did all the household chores, such as going to the grocery, going after milk, getting kindling, and carrying in coal. The verdict was for $1,575. The funeral expenses were $152.50.

The action was brought under §267 Burns 1908, §266 R. S. 1881, which authorizes the father to sue for the death of a minor child. The law contemplates, where liability is established, a recovery by the father in an amount sufficient to compensate him for the pecuniary loss

occasioned by the child's death. It is quite true that such damages are incapable of admeasurement by any mathematical or exact rule, and the amount must be fixed by estimate, which bears some semblance to conjecture. In the very nature of things, there can be no exact or uniform rule of admeasurement of the value of services which a deceased person would have rendered, had death not resulted. 13 Cyc. 365; *Crabtree* v. *Missouri, etc., R. Co.* (1910), 86 Neb. 33, 136 Am. St. 663, 124 N. W. 932; note to *Bond* v. *United Railroads* (1911), Ann. Cas. 1912 C 60. To a large extent the same lack of exact rule obtains in all personal injury cases, and the amount of the assessment necessarily rests in the good sense and discretion of the jury, subject to review for proper cause. 13 Cyc. 136.

The evidence here warranted the assessment of more than nominal damages, in addition to the amount of funeral expenses. *Ohio Valley Trust Co.* v. *Wernke* (1913), 179 Ind. 49, 99 N. E. 734; *Louisville, etc., R. Co.* v. *Rush* (1890), 127 Ind. 545, 26 N. E. 1010; *City of Elwood* v. *Addison* (1901), 26 Ind. App. 28, 35, 59 N. E. 47, and cases cited; *Valparaiso Lighting Co.* v. *Tyler* (1912), 177 Ind. 278, 96 N. E. 768. Nor can we say that the amount assessed was excessive. The youthful hands of the child had been trained in the ways of industry. He was of bright mind, and obedient. The services already rendered were of value. The mother required some one to "do chores." If not to be done by the child, "other help must necessarily be provided to perform them." *Louisville, etc., R. Co.* v. *Rush, supra,* 549. While the evidence here was of such nature, as appellants suggest, as might naturally arouse the sympathy or passions of a jury, we cannot say that it was swayed by any such consideration, for the amount allowed appears to us as nothing more than fair compensation. *Malott* v. *Shimer* (1899), 153 Ind. 35, 54 N. E. 101, 74 Am. St. 278; *Johnson* v. *Chicago, etc., R. Co.* (1885), 64 Wis. 425, 25 N. W. 223.

It is claimed the verdict is not sufficiently supported by the evidence, and especially so in regard to the question of contributory negligence. The contention cannot prevail. The verdict was a righteous one, and no error appears in the record that would warrant a reversal. Judgment affirmed.

## Concurring Opinion.

Spencer, J., concurs in the affirmance of the judgment herein and desires to state further that, in his opinion, this case is one in which the ten per cent penalty should be added. The evidence shows that appellee's child was struck and killed by a motor car owned by appellant American Motor Car Company and driven by appellant Kyle on and over Washington Street, through a thickly populated neighborhood, at a speed of fifty miles an hour. This is one of those accidents which are daily occurring throughout this country and particularly in cities like Indianapolis where the manufacture of motor cars is a principal industry. The practice has grown up of sending out from such factories on the public streets cars to be "tested," as in this case. These "test cars," often in charge of young and reckless drivers, are driven over busy streets at high and illegal rates of speed, with resulting injury to persons and property. The evidence in this case fully sustains the verdict and shows no mitigating circumstances. In the opinion of the writer, the verdict should not only be affirmed but a ten per cent penalty should be added.

Note.—Reported in 103 N. E. 641. As to elements and measure of damage in case of defendant's negligence causing death of plaintiff's minor child, see 12 Am. St. 381. On the question of evidence as to speed of automobile, see 34 L. R. A. (N. S.) 778. As to the rights and duties of persons driving automobiles in highways, see 13 Ann. Cas. 463; 21 Ann. Cas. 648. For a discussion of opinion evidence as to the speed of an automobile, see 19 Ann. Cas. 754. As to what is an excessive verdict in an action for death by wrongful act, see 18 Ann. Cas. 1209. As to the measure of damages recoverable by a parent for the death of a minor child by wrongful act, see Ann. Cas. 1912 C 58.